[Crim. No. 2610. Second Appellate District, Division Two.—October 18, 1934.]

In the Matter of the Application of J. R. FISHER for a Writ of Habeas Corpus.

Gladys Towles Root for Petitioner.

Ray L. Chesebro, City Prosecutor, and John L. Bland and Bourke Jones, Deputies City Prosecutor, for Respondent.

DESMOND, J.— Petitioner was convicted of failing to provide for his minor children, and on March 10, 1933, was sentenced by a judge of the Municipal Court of Los Angeles to be imprisoned in the county jail "for the term of two years on public work at $2.00 per day". He petitions for his release upon the ground that he is now, more than one year after imposition of sentence, illegally restrained of his liberty in view of the enactment of section 19a of the Penal Code (chap. 848, Stats. 1933). That section, enacted since the date of petitioner's incarceration, reads as follows: "In no case *shall* any person sentenced to confinement in a county or city jail on conviction of misdemeanor, or as a condition of probation, or for any reason, *be committed* for a period in excess of one year. If, however, any county, or group of counties together *should* establish a penal farm, or if there be established a state institution for long-term misdemeanants, then *commitment* to such penal farms or such state institution *shall be* for such period as the court may order within the limits prescribed by statute for the offense." We have italicized certain words in this quoted section for the purpose of indicating that the intention of the legislature was to deal with events of the future and not of the past. The first sentence, in our opinion, has exactly the same meaning as if it read: "In no case shall any person be committed for a period in excess of one year, when sentenced to confinement in a county or city jail on conviction of misdemeanor or as a condition of probation, or for any reason." Section 3 of the

Penal Code provides that no part of the code is retroactive unless expressly so declared, and there are no words in section 19a expressly declaring that that section is to have a retroactive effect.

A contention that the petitioner has now served the maximum period of imprisonment, more than one year having elapsed since August 20, 1933, the effective date of the statute, avails him nothing, because the statute, as we have noticed, relates to cases in which commitments shall be made after its passage, and does not affect or attempt to affect penalties previously imposed as a result of convictions already obtained.

The writ is discharged and petitioner remanded.

STEPHENS, P. J., Concurring.—I concur. The legislature, recognizing that long periods of imprisonment in county jails have been legally prescribed under the probation laws (Pen. Code, sec. 1203), effectively prohibited such future practice by limiting the imprisonment period. There is nothing in this legislation (Pen. Code, sec. 19a) indicating that any legal sentence pronounced before its enactment should be lessened or in any way affected. Should the statute bear this interpretation, questions of its constitutionality would then present themselves.