[Crim. No. 2648. Second Appellate District, Division Two.—January 30, 1935.]

In the Matter of the Application of WALTER RASMUSSEN for a Writ of Habeas Corpus.

Gladys Towles Root for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CRAIL, J.—The petitioner was sentenced to pay a fine of $2,500 or in default thereof to serve 500 days in the county jail for a violation of section 146 of the California Vehicle Act. ▮ Having been imprisoned in excess of one year he seeks his release since he has been confined in excess of the maximum period provided by section 19a of the Penal Code. That section reads as follows: "In no case shall any person sentenced to confinement in a county or city jail on conviction of misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year", etc.

This case is not different from those already decided by this court in *People* v. *Phair,* 137 Cal. App. 612 [31 Pac. (2d) 421], and *In re Fisher,* 1 Cal. App. (2d) 449 [36 Pac. (2d) 841], and on the authority of those cases the petitioner should be discharged from custody.

The respondent contends, however, that section 19a does not apply to felonies but only to misdemeanors. The plain language of the section covers all classes of cases. The words "or as a condition of probation, or *for any reason*" include felonies as well as misdemeanors. In the case of *In re Fisher, supra,* Mr. Justice Stephens, P. J., in a concurring opinion said: "The legislature recognizing that long periods of imprisonment in county jails have been legally prescribed under the probation laws (Pen. Code, sec. 1203) effectively prohibited such future practice by limiting the imprisonment period." Section 1203 of the Penal Code deals with the granting of probation for felonies. We adopt the sentence above quoted and interpret section 19a of the Penal Code to apply to felonies as well as misdemeanors.

Petitioner is ordered discharged from custody.

Stephens, P. J., and Scott, J., *pro tem.,* concurred.