## THE KIMBERLEY SCHOOL, PROSECUTOR, v. TOWN OF MONTCLAIR ET AL., DEFENDANTS.

Argued October 6, 1947—Decided July 16, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Harrison, Roche & Darby.*

For the defendants, *John Ferguson.*

The opinion of the court was delivered by

DONGES, J.   This writ of *certiorari* was allowed to review a judgment of the Division of Tax Appeals in the State Department of Taxation and Finance and the question presented is whether or not the property, real and personal, of the prosecutor, The Kimberley School, is by statute exempt from taxation. The Division of Tax Appeals disallowed the exemption which had theretofore been granted by the Essex County Board of Taxation. The statute in question, *R. S.* 54:4–3.6 (as amended *Pamph. L.* 1941, *ch.* 243), provides:

"The following property shall be exempt from taxation under this chapter: All buildings actually used for colleges, schools, academies or seminaries;   \*   \*   \*   the land whereon

any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above-mentioned and to no other purpose and does not exceed five acres in extent; the furniture and personal property in said buildings if used in and devoted to the purposes above-mentioned; provided, in case of all the foregoing, the buildings, or the lands on which they stand, or the associations, corporations or institutions using and occupying them as aforesaid, are not conducted for profit, except that the exemption of the buildings and lands used for charitable, benevolent or religious purposes shall extend to cases where the charitable, benevolent or religious work carried on is supported partly by fees and charges received from or on behalf of beneficiaries using or occupying the building; provided, the building is wholly controlled by and the entire income therefrom is used for said charitable, benevolent or religious purposes. The foregoing exemptions shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this state and authorized to carry out the purposes on account of which the exemption is claimed."

The Kimberley School was established in 1906 by Miss Mary K. Waring and operated by her and by Miss Mary A. Jordan for many years as a private school. In 1941 the prosecutor corporation was formed as a corporation not for pecuniary profit, under the appropriate statute. This corporation operated a school on the premises under a lease from the Misses Waring and Jordan for about two years. In 1943 the owners sold all the property, real and personal, used in the operation of the school to the prosecutor corporation for a consideration of $50,395. The purchase price was paid by assuming two existing mortgages in the amount of $10,395, by paying Miss Waring and Miss Jordan approximately $1,000 each, and by giving each of them a bond in the sum of $19,000; which bonds were secured by a purchase-money mortgage upon which interest was paid and which were to be amortized at a rate which would be accelerated in event of the tuition receipts exceeding a certain figure.

For the year 1943 (and it is stipulated that the judgment for that year should control the other years) the income from all sources was slightly in excess of $60,000, most of which, more than $56,000, was in the form of payments for tuition fees. Income from endowments, $103.30, and from gifts, $758.41, formed but a small portion of the total income. Total expenditures for the year were $57,522.86, leaving a surplus of $2,801.08. Since the prosecutor took over the operation of the school it has been conducted as theretofore, although the salaries of teachers and the tuition fees have both been increased. The students have the benefit of bus transportation, small classes (twelve students to a teacher) and hot luncheons; in other words, the usual facilities of a high grade private school. Although there have been some scholarships granted, the sums charged patrons have been sufficient to cover the cost of operation and the project cannot be said to be one of a charitable nature. The certificate of incorporation of the school provided that in the event of the cessation of operation of the school the assets of the corporation should be devoted to such other educational institution as the trustees might select, and in default of such selection within a reasonable time to such educational institution as might be designated by the Chancellor.

We think the factual situation in this case is so close to that presented in the case of *Dwight School, &c.,* v. *State Board of Tax Appeals,* 114 *N. J. L.* 594; *affirmed,* 117 *Id.* 113, as to require that, under the holding of that case, the exemption from taxation must be denied. It was said in the Dwight School case, "The test is whether the purposes and objects of the school claiming the exemption are 'fundamentally charitable or philanthropic.' *Carteret Academy* v. *State Board of Taxes, &c.,* 102 *Id.* 525; *affirmed,* 104 *Id.* 165." It was further held, "Here the claimant operates what is essentially an exclusive boarding school." The same must be said of The Kimberley School, except that it is not a boarding school but a day school. In that case it was also said:

"Equality is the basic principle of taxation. Exemption therefrom can be justly sustained only upon the principle that the 'concession is due as *quid pro quo* for the performance of

a service essentially public, and which the state thereby is relieved *pro tanto* from the necessity of performing, such as works of charity and education, freely and charitably bestowed, as evidenced by the legislation under consideration. Without that concurring prerequisite, an exemption becomes essentially a gift of public funds at the expense of the taxpayer, and indefensible both under our public policy of equal taxation and our constitutional safeguard against illegal taxation.' *Carteret Academy* v. *State Board of Taxes and Assessments, supra.* The exemption, to be valid, must of necessity clearly serve a public purpose contemplated by the statute."

Testing the factual situation of the present case in the light of the principles laid down in the Dwight School case and others on the subject, *Carteret Academy* v. *State Board,* 102 *N. J. L.* 525; *affirmed,* 104 *Id.* 165; *Trenton* v. *State Board of Tax Appeals,* 127 *Id.* 105; *affirmed,* 128 *Id.* 320; *Dana College* v. *State Board of Tax Appeals,* 14 *N. J. Mis. R.* 308, the determination of the Division of Tax Appeals was proper and should be affirmed. Prosecutor relies upon the decision of this court in *Princeton* v. *State Board of Taxes,* 96 *N. J. L.* 334. The factual situation in that case could be distinguished in some respects from the present one, but in any event, to the extent that the holding of that case may be in conflict with the cases above cited, particularly those of the court of last resort, the latter are controlling here.

The writ is dismissed, with costs.