STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES B. CLAYTON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 12, 1952—Decided May 26, 1952.

Before Judges McGeehan, Jayne and Goldmann.

*Mr. Charles B. Clayton, pro se.*

*Mr. George A. Gray,* Assistant Prosecutor of Monmouth County, counsel for the State (*Mr. J. Victor Carton,* Monmouth County Prosecutor, attorney).

Per Curiam. On January 21, 1952, the defendant filed his application for the issuance of a writ of *habeas corpus.* The Mercer County Court denied the application.

■ The defendant was convicted of a crime having a statutory maximum of 15 years. In April, 1946, the former Monmouth County Court of Quarter Sessions sentenced him thereon to the New Jersey State Reformatory at Rahway. At the time, *R. S.* 30:4–148 provided:

"The courts in sentencing to the reformatory shall not fix or limit the duration of sentence, but the time which any such person shall serve in the reformatory shall not in any case exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced. The term may be terminated by the board of managers in accordance with its rules and regulations formally adopted."

The result was that the duration of defendant's sentence was not fixed, other than that it could not exceed 15 years.

The defendant contends that he should receive all the benefits of the amendment to *R. S.* 30:4–148, enacted in 1951 (*L.* 1951, *c.* 335), and be granted immediate release.

*L.* 1951, *c.* 335, § 1, amended *R. S.* 30:4–148 to read as follows:

"The courts in sentencing to the reformatory shall not fix or limit the duration of sentence, but the time which any such person shall serve in the reformatory or on parole shall not in any case exceed five years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, if such maximum be less than five years; *provided, however*, that the court, in its discretion, for good cause shown, may impose a sentence greater than five years, but in no case greater than the maximum provided by law, and the commitment shall specify in every case the maximum of the sentence so imposed. The term may be terminated by the board of managers in accordance with its rules and regulations formally adopted."

Section 4 of the same 1951 act provides:

"Nothing contained in the amendments to sections 30:4–148, 30:4–152 and 30:4–155 of the Revised Statutes hereinabove made, shall in any way be construed to apply to or affect any sentence to any reformatory imposed prior to the effective date hereof."

The language of the 1951 act cited above makes it clear that the amendment of *R. S.* 30:4–148 was intended to be

prospective only and that the changed provisions for sentencing were not "to apply to or affect any sentence to any reformatory imposed prior to the effective date" of the 1951 act. The effective date of the 1951 act was July 19, 1951. The defendant's sentence was imposed in April, 1946, and consequently was not affected in any way by the 1951 amendment.

The power of the State to enact legislation lowering the punishment for a crime with prospective effect only, cannot be questioned. No denial of due process or of equal protection of the laws occurs merely because the Legislature does not make the reduction in penalty applicable to those sentenced prior thereto. *Cf. People v. Capo,* 393 *Ill.* 342, 65 *N. E. 2d* 777 (*Sup. Ct.* 1946) ; *Ex parte Fisher,* 1 *Cal. App. 2d* 449, 36 *P. 2d* 841 (*Dist. Ct. App. Cal.* 1934) ; 24 *C. J. S., Criminal Law,* § 1982.

The order under appeal is affirmed.