87 N.J. Super. 170 (1965)
208 A.2d 431
INTERNATIONAL MISSIONS, INC., APPELLANT,
v.
BOROUGH OF LINCOLN PARK, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1965.
Decided March 26, 1965.
*171 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Douglas C. Baker argued the cause for appellant.
Mr. William P. Westling argued the cause for respondent (Messrs. Young & Sears, attorneys).
*172 The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Respondent borough assessed the house and lot owned by petitioner International Missions, Inc. (International) at 5 Stephen Avenue, Lincoln Park, N.J., for the year 1963. Petitioner's appeal to the Morris County Board of Taxation on the ground that its property was exempt under N.J.S.A. 54:4-3.6 resulted in an affirmance of the assessment. On further appeal to the State Division of Tax Appeals the assessment was again affirmed and the appeal dismissed. International appeals the Division judgment, claiming exemption under N.J.S.A. 54:4-3.6 as well as N.J.S.A. 54:4-3.35.
International is a non-profit corporation of the State of New Jersey, organized under Title 15 of the Revised Statutes for "religious, charitable and educational purposes." Its original corporate name was the India Mission, Inc., subsequently changed to International Missions, Inc.
Reverend LaRowe, president of the corporation and a commissioned minister of the Gospel, described petitioner as an "interdenominational, unaffiliated, faith mission," meaning that "we have no organized constituency nor subsidizing organization to guarantee our support or provide our funds." Financing for some 150 missions in foreign lands is provided by the free-will offerings of "Christian people in area churches and places in this continent." International's main home office is at 234 Bergen Avenue, Jersey City, N.J., the administrative center for its world-wide activities. It receives and distributes funds from that place, as well as literature and publicity.
Reverend LaRowe said that International has no churches in North America, although it has "many" elsewhere; there is no organized constituency. He testified he has a private office at the Jersey City address and lives there.
Reverend Davis, vice-president of International and a commissioned minister of the Gospel, lives at the Lincoln Park house. His work was described as that of office manager. He is in charge of finances and all matters relating to outgoing *173 and returning missionaries. These duties require his presence in the Jersey City office about four days a week. He commutes to that office from his home in Lincoln Park. He works at home on an average of one day a week. Reverend Davis preaches on weekends. However, he has no church of his own. Although he is a member of Jackson Chapel in Lincoln Park, that church has its own pastors and Reverend Davis preaches there only by invitation. It would appear that he also preaches in other communities, again by invitation, and travels in connection with promotional work for International.
The Lincoln Park property is a six-room residence, one room being used by Reverend Davis as his study and the remaining rooms for his family.
Petitioner claims it is entitled to a tax exemption on the Lincoln Park property under N.J.S.A. 54:4-3.6. That section reads, in pertinent part:
"The following property shall be exempt from taxation under this chapter: * * * all buildings actually and exclusively used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children, or for religious, charitable or hospital purposes, or for one or more such purposes; * * * the buildings, not exceeding 2, actually occupied as a parsonage by the officiating clergymen of any religious corporation of this State * * *; the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed 5 acres in extent; * * *."
We start with the proposition that statutes granting exemption from taxation are most strongly construed against those claiming the exemption. The burden of proving a tax-exempt status is upon the claimant. Princeton University Press v. Princeton, 35 N.J. 209, 214 (1961). The borough concedes that International is a corporation organized for the mental and moral improvement of men, women and children, and for religious purposes. However, the Lincoln Park property is not "actually and exclusively used" in petitioner's *174 work. Its primary use is as a residence for Reverend Davis and his family and, as such, it is not tax exempt. Cf. Teaneck Tp. v. Lutheran Bible Institute, 20 N.J. 86 (1955), affirming 34 N.J. Super. 418 (App. Div. 1955), where the Supreme Court observed that the fact that clergymen maintained a study in the property in question, which was used by their families as a dwelling, did not alter its essential characteristic as a residence.
Nor may the property be considered a parsonage within the intendment of N.J.S.A. 54:4-3.6. Reverend Davis did not have a fixed church of his own; he preached only by invitation. St. Matthew's Lutheran Church for the Deaf v. Division of Tax Appeals, 18 N.J. Super. 552 (App. Div. 1952), is dispositive of the issue in favor of the borough. In that case the religious corporation owned premises occupied by an ordained minister of the Lutheran Church. We allowed tax exemption, but in discussing the statutory language, "the buildings, not exceeding 2, actually occupied as a parsonage by the officiating clergymen of any religious corporation of this State," said:
"* * * In construing this language it would not be reasonable to conclude that the Legislature intended to exempt the residence of an itinerant evangelist. * * * Otherwise any individual whose home is in New Jersey and who incorporated here for religious purposes and who evangelized all over the country would be entitled to the immunity. Something more localized and more or less permanent, both as to character of the pastor and nature of the persons served by him, must have been intended as the necessary qualifications. Consequently an `officiating clergyman' when textually associated with `parsonage' must be a settled or incumbent pastor or minister, that is, a pastor installed over a parish, church or congregation. * * * And when he is an `officiating clergyman of any religious corporation' he must be serving the needs of a reasonably localized and established congregation. In this sense a congregation signifies an assemblage or union of persons in society to worship their God publicly in such manner as they deem most acceptable to Him, at some stated place and at regular intervals. * * * [Citations omitted]" (18 N.J. Super., at pages 557-558)
In addition to the fact that Reverend Davis was not the incumbent pastor or minister of a parish, church or congregation, *175 he was not the "officiating clergyman" of petitioner missionary society, but merely an administrative officer.
Although International devotes a separate point in its brief to the question of tax exemption for the land, this claim must necessarily fall in light of our determination that the residence is not tax-exempt.
International also claims exemption for its Lincoln Park property under the provisions of N.J.S.A. 54:4-3.35. That section of the Tax Act, as it presently reads, provides that
"The dwelling house and the lot of curtilage whereon the same is erected, together with the accessory buildings located on the same premises, belonging to any religious association or corporation actually occupied as a residence by a clergyman of such association or corporation who is a district superintendent of such religious association or corporation who is acting as such, shall be exempt from taxation on proper claim made therefor to an amount not exceeding $25,000.00."
(The former maximum exemption of $5,000 was raised to $25,000 by L. 1963, c. 135, effective July 24, 1963. That act would not affect this case because the taxable year involved is 1963, and the property had been assessed as of October 1 preceding.)
Although the record made in the Division does not reflect inquiry as to whether International was entitled to exemption under N.J.S.A. 54:4-3.35, it is clear that the Division hearer considered the effect of the statute in deciding the appeal, for he mentioned the 1963 amendment.
The question here is whether Reverend Davis qualifies as a "district superintendent" of International. We conclude that he does not. As we construe the statutory language, the term "district superintendent" has the meaning of one who supervises or is in charge of a group of established congregations, rather than someone who occupies an executive position in a religious corporation.
The record is clear that the chief work of International is in the foreign missionary field; the areas it serves are those in distant places: the Far East, India, Pakistan, Kenya, *176 Surinam, South America and the Philippines. (Reverend La Rowe said that International also has "a couple" of missionaries in Los Angeles.) Reverend Davis is the office manager, working in and out of the Jersey City home office. His duties relate to International's missionary program throughout the world  not to a "district."
Petitioner would expand "district" to mean "worldwide." We agree with respondent that if "district superintendent" were given no limitation, there would exist the potential of untold tax exemptions for all persons occupying positions similar to that of Reverend Davis. We cannot ascribe to the Legislature an intention to grant such limitless exemptions. Our approach should be that of the court in St. Matthew's Lutheran Church, above, when it was called upon to decide the exemption to be accorded parsonages. The court there held that the parsonage exemption could not reasonably be applied to every home occupied by a minister: otherwise, as was said in our quotation from that case, "any individual whose home is in New Jersey and who incorporated here for religious purposes and who evangelized all over the country would be entitled to immunity." There has to be something "more localized and more or less permanent, both as to character of the pastor and nature of the persons served by him."
Since legislation granting exemption is to be construed strictly against the claimant, we hold that International has not brought itself within the terms of N.J.S.A. 54:4-3.35.
The judgment of the Division is accordingly affirmed.