125 N.J. Super. 585 (1973)
312 A.2d 641
BOROUGH OF CRESSKILL, PETITIONER-APPELLANT,
v.
NORTHERN VALLEY EVANGELICAL FREE CHURCH, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1973.
Decided November 29, 1973.
*586 Before Judges LEONARD, ALLCORN and CRAHAY.
Mr. Marvin H. Gladstone argued the cause for the appellant (Gladstone, Hart, Kronenberg, Mandis, Rathe & Shedd, attorneys).
Mr. Raymond G. Betsch argued the cause for the respondent.
The opinion of the court was delivered by ALLCORN, J.A.D.
The pertinent portion of N.J.S.A. 54:4-3.6 exempts "the buildings, not exceeding 2, actually occupied as a parsonage by the officiating clergymen of any religious corporation * * *" It has been stipulated between the parties that the building in question was occupied by the youth director of the church and his wife. The respondent concedes that the youth director was a seminary student and had not been ordained as a minister.
In our view, the youth director of a church who is not an ordained minister is not one of the "officiating clergymen" of the religious corporation which employs him, within the meaning of those terms in the context of the statute. Webster defines "clergyman" as, "a member of the clergy: an ordained minister: a man regularly authorized to preach the gospel and administer its ordinances: one in holy orders"; and "clergy" as, "the body of men and women duly ordained to the service of God in the Christian church: the body of ordained ministers: clergymen and clergywomen." Webster's Third New International Dictionary (1966). The property having been occupied by a person who was not a clergyman, officiating or otherwise, it is not entitled to an exemption as a parsonage. Compare In re Murtha, 115 N.J. Super. 380, 385 (App. Div. 1971), certif. den. 59 N.J. 239 (1971).
The respondent asserts that, in addition to its use as the residence of the youth director and his family, the building *587 was utilized also in the general religious work of the church as a meeting place for Sunday school classes and various youth activities, among others. Quite aside from the fact that the record contains no evidence with respect to such use, and assuming the use of the building for the stated purposes, it is of no aid to the respondent. In order to qualify for an exemption as property used for religious worship or religious purposes, the property must be used "exclusively" for such purposes. N.J.S.A. 54:4-3.6. A building that is used in the religious work of a church and which is additionally utilized as the residence of an employee of the religious corporation (other than one of the officiating clergymen), quite obviously is not being devoted exclusively to religious purposes in the ongoing work of the church.
Accordingly, the judgment of the Division of Tax Appeals is reversed, and the assessment against the property in question for the year 1970 is reinstated, in the amounts of $9,300 on the land and $15,700 on the building, for a total assessment of $25,000.