163 N.J. Super. 564 (1978)
395 A.2d 518
BOROUGH OF HARVEY CEDARS, PETITIONER-APPELLANT,
v.
SISTERS OF CHARITY OF SAINT ELIZABETH, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1978.
Decided November 15, 1978.
*565 Before Judges LORA, MICHELS and LARNER.
Mr. John C. Sahradnik argued the cause for appellant (Messrs. Berry, Summerill, Piscal, Kagan and Privetera, attorneys; Mr. David J. Connelly on the brief).
Mr. Thomas J. McCoy, Jr. argued the cause for respondent.
The opinion of the court was delivered by LARNER, J.A.D.
This is an appeal by the Borough of Harvey Cedars from a determination by the Division of Tax Appeals which granted tax exempt status for all the land and buildings of respondent Sisters of Charity of Saint Elizabeth, except for a three-acre parcel which was valued at $9,000. This was the culmination of appeals from the denial of an exemption on an application filed with the local tax assessor on or about October 31, 1974 for the 1975 tax year.
*566 The property in question is comprised of a complex of buildings on an 11-acre parcel of land situated between the bay and the ocean on Long Beach Island in the Borough of Harvey Cedars. The local tax assessor assessed the total lands and buildings for the 1975 tax year at $716,350.
The property was acquired in 1959 by the Sisters of Charity of Saint Elizabeth, a religious corporation organized by act of the Legislature adopted March 11, 1873. The object of the corporation as expressed in its constitution and in the act of incorporation is:
* * * [T]he instruction and education of youth, the erection and maintenance of hospitals for the sick and destitute, and affording and rendering assistance to the poor and destitute.
Between 1959 and 1975, the corporation paid the taxes pursuant to the local assessments and made no claim for exemption until October 31, 1974.
The evidence before the Division was substantially undisputed. The direct activities of the organization within the framework of its corporate objects are not conducted at the premises in question but at several other locations in the State of New Jersey, where it maintains and operates schools, children's residences and a hospital. It is at these facilities that the nuns, priests, nurses, etc., are assigned to carry on the charitable work of the corporation.
The Harvey Cedars complex is utilized in the main as a facility for rest and relaxation of the sisters and clergy in the summer season. These participants in the work of the charity sojourn to the beach facility for varied periods during the summer, utilizing the facilities for both religious retreats and vacation purposes, to get away from their everyday work and routine. In the off-season some of the buildings in the complex are used for religious retreats and meetings by clergy and lay groups and organizations. Most of the buildings are designed as dormitories for housing, with meeting rooms where the retreats or meeting sessions are *567 held and workshops are conducted for the sisters and priests related to educational purposes.
There are a total of eight buildings involved, with two of them on a parcel of ocean-front land of approximately 2 1/2 acres between the ocean and Long Beach Boulevard which separates this parcel from that fronting on the bay. One of these is a large residence with 32 bedrooms and the other is a shower house. The remaining six buildings are located between the Boulevard and the bay on approximately 8 1/2 acres of land.
In addition to housing facilities already described, the bay parcel has thereon a "round house" used as a residence for Sister Ann, the administrator who lives on the property all year round, and a chapel designed and used exclusively for worship with regular masses for the public during the summer season.
On the basis of the foregoing facts, which we have summarized in general terms, the Division judge found that all the buildngs were used for "religious and meditative purposes." He further articulated his grounds for granting the exemption in the following:
I find that in connection with the work of the Sisters of Charity, where they are providing the services of their corporation on a twelve-month year round basis for the utilization and benefit of the people of this State, that it is essential that those nurses who are being employed as nurses in Elizabeth have someplace for, in the old Army jargon, R & R.
And if there is religious atmosphere and a community where that can be enjoyed by them, that is part of the function of this corporation.
I find that this corporation is entitled to an exemption, and that as far as the utilization of all of the buildings that are on this property, they are being used entirely and exclusively for the purposes for which this corporation was formed.
The judge then found that three acres of land on the bay side are "not within the purview of the exemption" as not being "necessary for the fair enjoyment" of the buildings. As to these three acres, without any evidential support that *568 we can discern from the record, and without an issue having been framed on the question of the quantum of assessment, he proceeded to conclude as follows:
I am attributing a value of $300 per foot for three hundred and three point one four feet, or a total of $9,000 for the value of the land, which is not subject to exemption. This would be on the front-foot basis or at the rate of three thousand dollars per acre for the three acres excluded.
N.J.S.A. 54:4-3.6 provides in pertinent part that all buildings "actually and exclusively used * * * for religious, charitable or hospital purposes," the land whereon they are erected and "which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed 5 acres in extent" are entitled to tax exemption.
In the present case the statutory test of use exclusively for religious or charitable purposes is not met for any of the buildings except the chapel. See Cresskill v. Nor. Val. Evangel. Church, 125 N.J. Super. 585, 587 (App. Div. 1973). Statutes granting exemption from taxation must be strictly construed against those claiming exemption, and N.J.S.A. 54:4-3.6 requires that the actual land and building use be exclusively for one of the enumerated purposes. Princeton Univ. Press v. Princeton, 35 N.J. 209 (1961); Boys' Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 398-399 (1977). The test to be employed in determining whether property is "actually and exclusively used" for a tax exempt purpose is whether the property is "reasonably necessary" for such purpose. Long Branch v. Monmouth Medical Center, 138 N.J. Super. 524, 532 (App. Div. 1976), aff'd o.b. 73 N.J. 179 (1977).
Here the substantial use of the property as a summer residence or vacation spot for sisters and others who do charitable work elsewhere mandates that the property be denied exemption even though it is also used in part for religious retreats. Providing vacation facilities can simply *569 not be viewed as reasonably necessary for the work of the organization. The status or vocation of the owners or occupiers of property cannot determine property tax exemption. Teaneck Tp. v. Lutheran Bible Inst., 20 N.J. 86, 88-90 (1955); N.J. Turnpike Auth. v. Washington Tp., 16 N.J. 38, 44-45 (1954). In this regard residences for personnel or religious organizations at a great distance from their place of work and not necessary for the accomplishment of the purposes of the charity are not entitled to tax exemption. Teaneck Tp. v. Lutheran Bible Inst., supra; Cresskill v. Nor. Val. Evangel. Church, supra, 125 N.J. Super. at 586-587; International Missions, Inc. v. Lincoln Park, 87 N.J. Super. 170 (App. Div. 1965).
Under controlling law and the facts contained in the record herein, we conclude that the determination below granting exemption from taxation for all the buildings and all the land (with the exception of three acres) is unwarranted and must be reversed. As to the valuation of the three acres excepted from this determination, the judgment is also without warrant for three reasons: (1) there is no evidence to support it, (2) the issue of valuation was not before the Division, and (3) the judge miscalculated the correct product of the multiplication of $300 per front foot by 300 ft., which equals $90,000 instead of $9,000.
Accordingly, we find that, except for the chapel and the land necessary for its enjoyment, the lands and buildings are not entitled to exemption from taxes. We therefore reverse the judgment below and remand to the Division for a determination as to the amount of land necessary for the fair enjoyment of the chapel not in excess of five acres.[1] Thereupon judgment shall be entered denying exemption on both parcels except for the chapel and the amount of land found to be necessary for its fair enjoyment. We do not retain jurisdiction.
NOTES
[1] Such five-acre limitation is inclusive of the land upon which the structure is erected.