ANDREW, J. T. C.
Plaintiff City of Plainfield seeks review in this court of a judgment entered by the Union County Board of Taxation for the tax year of 1981 declaring that the property involved in this proceeding qualified for exemption from local property taxation as a parsonage pursuant to N.J.S.A. 54:4-3.6.
The property, which is the subject of this matter, is a single-family dwelling owned by defendant Goodwill Home and Missions, Inc., located at 828 Leland Avenue and identified as Block *538 256, Lot 6, on the tax map of the City of Plainfield. Goodwill is a nonprofit corporation organized under the laws of the State of New Jersey for religious and charitable purposes. Its principal place of operation is in Newark, New Jersey, where it owns and operates a number of buildings in furtherance of its religious and charitable work. The building in Plainfield is occupied as a residence by the Reverend J. Allen Nicholson, a duly ordained Baptist minister. Goodwill maintains the house for Reverend Nicholson and is responsible for the payment of utilities, taxes and repairs. Reverend Nicholson is responsible for the operation of. defendant’s spiritual program, which includes, among other things, arranging and supervising prayer services, conducting bible classes, providing drug and/or alcohol rehabilitation counseling and visiting the infirm at hospitals.
N.J.S.A: 54:4-3.6 provides an exemption from local property taxation for parsonages which meet the following requirements:
... [T]he buildings, not exceeding two, actually occupied as a parsonage by the officiating clergyman of any religious corporation of this State, .. . together with .. . the land whereon any of the buildings hereinbefore mentioned are erected.. . . [Emphasis supplied]
Alleging that it fulfills all of the statutory requisites, defendant Goodwill moves for summary judgment against plaintiff City of Plainfield. Plainfield concedes that, superficially, defendant does meet the statutory criteria for exemption. At oral argument plaintiff stipulated that the property was owned by defendant, was actually occupied as a parsonage and that Reverend Nicholson was the officiating clergyman of defendant, a religious corporation of this State. However, Plainfield takes the position that in order to qualify for exemption as a parsonage under N.J.S.A. 54:4-3.6 the subject property must be located in the same taxing district as the church of which it is part. To hold otherwise, plaintiff maintains, would not only be contrary to the intent of the Legislature but would also be unfair because the taxing district which would be receiving the benefits of the religious organization’s activities would not be the one suffering the loss of tax revenues.
*539 A review of the pleadings, written stipulations of fact, and stipulations at oral argument on the present motion reveal that there are no issues of material fact remaining in this matter; therefore, defendant’s motion for summary judgment may be entertained at this time. R. 4:46-2.
Plainfield contends that the court should be guided by the fundamental principle of “equality of the tax burden” which requires a resolution of doubt against an exemption claimant. Teaneck Tp. v. Lutheran Bible Institute, 20 N.J. 86, 90, 118 A.2d 809 (1955). Plainfield further asserts that the Legislature intended the exemption to apply only if the parsonage were located in the same taxing district as the church of which it is a part. In answer to plaintiff’s contention defendant argues that there is nothing in the statutory exemption provision which supports plaintiff’s view. Plaintiff does not offer any authority for its position either by way of decisional law, legislative history or principles of statutory construction. Yet, plaintiff maintains that the Legislature actually intended that in order to qualify for exemption both parsonage and church must be in the same taxing district. It asks this court to so contrue the exemption provision.
Defendant has brought to the attention of the court the cases of St. Matthew’s Lutheran Church for the Deaf v. Tax Appeals Div., 18 N.J.Super. 552, 87 A.2d 732 (App.Div.1952), and International Missions, Inc. v. Lincoln Park, 87 N.J.Super. 170, 208 A.2d 431 (App.Div.1965). In each of these cases the parsonage was located in a taxing district different from the taxing district in which the church was situated. However, the precise issue presented in this case was not considered in either of the cited cases; therefore, these cases are of no assistance to a determination of the issue herein.
There is nothing either in the present statutory language or in any of the precursory legislative enactments exempting parsonages from local property taxation from which it could be said that the Legislature actually intended to limit the exemption to only those parsonages that were located in the same taxing district as their church buildings.
*540 The basis for statutory exemption from taxation has been stated by this court to be:
... [T]he benefit conferred upon the public by such religious, charitable or other similar institutions and the consequent relief, to some extent, of the burden imposed on the State to care for and advance the interest of its citizens. The exemption is granted in recognition of the benefit which the public derives from the fulfillment of the exempt organization’s activities and objectives. [Grace & Peace, etc., Church v. Cranford Tp., 4 N.J.Tax 391, 399 (Tax Ct.1982)]
Our former Supreme Court, in Kimberley School v. Montclair, 137 N.J.L. 402, 60 A.2d 313 (1948), expressed it this way:
Equality is the basic principle of taxation. Exemption therefrom can be justly sustained only upon the principle that the concession is due as quid pro quo for the performance of a service essentially public, and which the state thereby is relieved pro tanto from the necessity of performing, such as works of charity and education, freely and charitably bestowed, as evidenced by the legislation under consideration, [at 405-406, 60 A.2d 313]
The exemption is granted as a quid pro quo for an essentially public service rendered to this State and its citizens, not to a particular municipality or to particular municipalities. It is self evident that many religious, charitable and educational corporations provide services to citizens residing outside the taxing •district in which such corporations are situate. There is not the slightest suggestion in the statutory language that would deny an exemption for a parsonage simply because it was not located in the same taxing district as the church owned by the claimant.
It is clear that the function of the judiciary is to interpret, not to legislate. If the words of a statute plainly convey legislative intent, we must give effect to the language employed by the legislative body. Dacunzo v. Edgye, 19 N.J. 443, 451, 117 A.2d 508 (1955); MacMillan v. Taxation Div. Director, 180 N.J.Super, 175, 177, 434 A.2d 620 (App.Div.1981) aff’d o.b. 89 N.J. 216 (1982). The plain language of the exemption provision suggests that plaintiff’s contention is wide of the mark. To conclude otherwise would require this court to add additional words to the parsonage exemption in N.J.S.A. 54:4-3.6.
To make the distinction between parsonages as posited by Plainfield would, in the absence of any indications of legislative intent to that effect, be to engage in judicial legislation. This court does not have the authority to write into the statute *541 additional limitations to the exemption grant where, as here, the parsonage provision is clear and unambiguous. See Cranford Tp. v. Hope Tp., 4 N.J.Tax 251 (Tax Ct.1982).
Accordingly, the Clerk of the Tax Court is directed to enter judgment affirming the determination of the Union County Board of Taxation for the tax year 1981.