LARIO, J.T.C.
Plaintiff appeals from a judgment of the Gloucester County Board of Taxation denying a 1990 real estate tax exemption on its premises located at RD #2, 13B Barnsboro-Sewell Road, Sewell, New Jersey and identified on the tax map of Mantua Township as Block 155, Lots 11 and 12.
Plaintiffs claim for tax exemption was based first, upon its allegation that the property is exclusively used for religious purposes; second, it is occupied as a parsonage, and, third, that the residence is occupied by a clergyman-district superintendent. It was stipulated that the Shrine of Our Lady of Fatima was duly incorporated in New Jersey as a nonprofit corporation pursuant to N.J.S.A. 15A:2-1 and that the purpose of the corporation, as indicated by its certificate of incorporation, is exclusively religious, charitable and educational. It was further stipulated that, by deed dated July 30, 1987, the Shrine of Our Lady of Fatima became the legal and equitable owner of the real estate in dispute. Application for tax exemption for the property was made and granted for the tax years 1988 and 1989. For the tax year 1990, application for tax exemption was denied and the property was assessed at land—$17,800, improvements—$72,900, total—$90,700. On appeal to the county board of taxation the assessment was affirmed resulting in the instant appeal.
At trial, plaintiff abandoned its claim that the property was used exclusively for religious purposes and it stipulated *394 that the only issues remaining before the court were: (1) whether the residence in question is a parsonage occupied by an officiating clergyman pursuant to N.J.S.A. 54:4-3.6; or (2) whether the residence is occupied by a clergyman who is a district superintendent pursuant to N.J.S.A. 54:4-3.35. These controlling statutes provide in pertinent part:
The following properties shall be exempt from taxation under this chapter: ... buildings, not exceeding two, actually occupied as a parsonage by the officiating clergyman of any religious corporation of this State— [N.J.S.A. 54:4-3.6.]
The dwelling house ... belonging to any religious association or corporation actually occupied as a residence by a clergyman of such association or corporation who is a district superintendent of such religious association or corporation who is acting as such, shall be exempt from taxation. [N.J.S.A. 54:4-3.35.]
Defendant does not contest that the resident of the subject property is an appointed deacon with various administrative duties, but it denies that he is either the officiating clergyman or a district superintendent of the Shrine of Our Lady of Fatima. Defendant further contends that the property is not used exclusively for religious purposes.
The subject property is occupied by Rocco Colucci, his wife and three children who are ten years, three years and 18 months of age. Colucci testified that he is an ordained deacon of the Latin Rite Movement, Shrine of Our Lady of Fatima and that “a deacon is a clergyman just under the priesthood.” He is a member of the board of directors and vice-president of plaintiffs organization. He is also self-employed as a window-treatment consultant. He stated that he went through a two-year training session which consisted mostly of a mailed curriculum of a study of moral doctrine after which he was ordained as a minister and became an officer of plaintiffs organization about six years ago.
Colucci further testified that he and his wife originally owned a residence in Deptford, New Jersey, which he subsequently gifted by deed to plaintiff. He stated that he later transferred that property and used the proceeds of sale to purchase the *395 subject property in Sewell [1]. The improvements located on the premises in question consist of two buildings. One is a raised-ranch residence consisting of a living room, family room, dining room, kitchen, three bedrooms and one-and-one-half baths. The second is a barn building. The exterior of the property includes a deck and, in addition to the barn, there exists an above-ground pool, small shed, swing set, basketball court and badminton net. He further stated that plaintiff owns five or six properties, to wit: the subject property, a property in Corbin City, one in Evesham Township and two or three in Atlantic City. He described his religious duties to include the conducting of Mass at the subject property. He attempts to say Mass for his family on a daily basis and conducts Mass for persons other than his family approximately twice a month. He said that he does not have any employees under his jurisdiction. He further stated there are approximately 20 members in his congregation, however, he does not have a written list of their names, but such a list is kept by Father Henry Lovett. On average, about eight to ten people attend the Mass he conducts in the subject property. He said his other duties including performing the Sacraments of Holy Eucharist, and Extreme Unction and he also visits persons in nursing homes once a week or every two weeks and distributes Holy Communion to them. Although, he is also permitted to conduct weddings, he has never conducted a marriage ceremony. Additionally, he conducts various community services and provides for food distribution.
*396 All other masses and religious services for Deacon Colucci’s congregation, which are not conducted at the subject property, are conducted at the church located in Corbin City under the direction of Father Henry Lovett.
Colucci described his administrative work to be mainly: “to restaff the old Roman Establishment of Latin believers, that is, to get new believers into the Latin Rite” and directing members of his congregation in how to interest others in the Latin Rite and supervising his congregation. He also attends board meetings, which are held monthly in Corbin City, signs checks, pays bills and completes forms and reports.
He further testified that he receives no salary from plaintiff. He is also self employed as a window-treatment consultant and maintains an office, takes calls and does billing for his window-treatment business from the barn building. He stated that the tools for his trade are kept in his motor van which is kept on the site of the subject property.
Father Lovett testified that he is the pastor and administrator of the Shrine of Our Lady of Fatima and the superintendent and spiritual overseer of the congregation. He resides in the parsonage and chapel building property located in Corbin City. He stated that it was he who had thé knowledge of who were members of the congregation and that no one else “would have a feel for all the members of the congregation.” He stated that he supervises the congregation in the Sewell “parsonage” as well as the parsonages in other counties over which he has authority but that he was not free to reveal the locations or the names of people in his jurisdiction.
In New Jersey, the general rule is well settled that statutes granting exemption from real property taxes must be strictly construed against those claiming such exemption. Boys Club of Clifton v. Jefferson Tp., 72 N.J. 389, 398, 371 A.2d 22 (1977) and cases cited therein. The burden to establish tax exempt status is upon the claimant. Princeton University Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961). In Trenton *397 Church of Christ v. City of Trenton, 3 N.J.Tax 267 (Tax Ct.1981) this court stated:
The next question to be addressed is whether the subject property is entitled to be exempt as a parsonage. In order for an exemption to be granted under this provision, the building must not only be a “parsonage” but it must also be occupied by the “officiating clergyman” of the religious corporation. The word “parsonage” as used in this statute was heretofore defined by our court, drawing from Webster’s New International Dictionary (2d ed. unabridged) as: “The glebe (land) and house, or the house only, appropriated by a parish or ecclesiastical society to the maintenance or use of the incumbent or settled pastor or minister.” St. Matthew’s, etc. Deaf v. Tax Appeals Div., 18 N.J.Super. 552, 556, 87 A.2d 732 (App.Div.1952). [at 274]
To be accorded tax exemption as a parsonage pursuant to N.J.S.A. 54:4-3.6, the building must be occupied as a parsonage by the officiating clergyman of the religious corporation. The burden of proof is upon plaintiff to establish that Deacon Colucci is the officiating clergyman for its church. From the facts presented I find that he is not. The vast bulk of religious services for the Sewell congregation are conducted by Father Lovett in Corbin City. Father Lovett is the officiating clergyman for this religious corporation, including Colucci, who is as the latter testified, “just under the priesthood.”
Father Lovett testified that he is the superintendent and spiritual overseer of the congregation and that he resides in the parsonage and chapel building which is located in Corbin City. The house in issue is used continuously throughout the year as a residence for Colucci, his wife and three children and also as the base for his business which, it is inferred, constitutes the sole or main source of his income. On occasion the property is used for religious services and other duties. However, as stated by Judge Goldmann in International Missions, Inc. v. Lincoln Park, 87 N.J.Super. 170, 208 A.2d 431 (App.Div.1965), in interpreting the holding in St. Matthews Lutheran Church, supra, “the parsonage exemption could not reasonably be applied to every home occupied by a minister.” Id. at 176, 208 A.2d 431. Judge Goldmann instructed that if this were not so, any individual whose home was in New Jersey, and who was ordained as a minister through a mail order course would be entitled to have his home exempted from taxation. This result *398 would lead to untold tax exemptions and certainly, this was not the intent of the Legislature in enacting this section of N.J.S.A. 54:4-3.6.
I further find that the land is not exclusively devoted to the use of the parsonage buildings. Services are conducted at the property only two days a month and the property is regularly and continuously utilized as the base for Colucci’s window treatment business. In Greater Emanuel Apost. Faith, etc. v. Montclair, 4 N.J.Tax 618 (Tax Ct.1982), Judge Crabtree noted:
[T]o be accorded tax exemption as a parsonage, the property must satisfy five tests: (1) the building (or buildings) must be occupied by an officiating clergyman of a religious corporation organized in New Jersey, (2) no more than two buildings (plus accessory structures) are eligible, (3) the land must be exclusively devoted to the use of the parsonage buildings, (4) the land area may not exceed five acres and (5) only that part of the land necessary for the fair enjoyment of the buildings is entitled to exemption, though such part be less than five acres, [at 623]
It is clear that the subject property does not meet either the first or third tests above set forth. .Plaintiff’s claim for exemption for the subject property based upon the property’s alleged use as a parsonage under N.J.S.A. 54:4-3.6 is denied.
The next issue to be determined is whether the subject property is actually occupied as a residence by a clergyman who is a district superintendent of plaintiff’s corporation acting as such. The alleged basis for Colucci’s claim is that he distributes food obtained from various supermarkets and persons doing community service to the needy. His duties also are mainly to restaff the old Roman Establishment of Latin believers. I find that none of these duties qualify Deacon Colucci as a district superintendent of Shrine of Our Lady of Fatima. He has no employees under him nor does he supervise any other congregation.
His alleged district supervision consists mainly of overseeing his family and preaching to a small group of parishioners. “As we construe the statutory language, the term ‘district- superintendent’ has the meaning of one who supervises or is in charge of a group of established congregations, rather than someone *399 who occupies an executive position in a religious corporation.” International Missions, Inc., supra, 87 N.J.Super. at 175, 208 A.2d 431. I further find that the officiating district superintendent for the Shrine of Our Lady of Fatima is Father Lovett. He is president of the corporation. He is the person who maintains a list of the members of the congregation; and, it is he who supervises the members associated with the subject property as well as the members located in the other communities of the church’s vicinage.
Accordingly, since Deacon Colucci is not a district superintendent of plaintiff, the subject property is not occupied as a residence by plaintiff’s district superintendent, therefore, plaintiff’s claim for exemption under N.J.S.A. 54:4-3.35 is also denied. Judgment will be entered affirming the judgment of the Gloucester County Board of Taxation.

His testimony on this issue of ownership, which seems to be contradictory, was as follows:
Q. Had you originally purchased that property in Deptford yourself? A. Yes.
Q. Was it in your name and your wife's name?
A. Yes.
Q. Then you gave it to the church?
A. Exactly.
Q. And then you transferred that and took the money from that and put it into the Sewell property?
A. Correct.