AXELRAD, J.T.C.
Plaintiff, Deal Yeshiva, Inc., a New Jersey religious corporation, owns two residential properties in Ocean Township and two in the Borough of Deal (the “subject properties”) which are used as parsonages for the officiating clergymen of its synagogue located in Deal. For the tax year 1995 plaintiff applied to the respective municipalities for exemptions under N.J.S.A. 54:4-3.6 for all four properties and received exemptions on the Ocean Township properties but not the subject properties. The county board dismissed the appeals without prejudice and entered judgments affirming the 1995 assessments of $236,500 and $247,800 on the subject properties located at 6 Roseld Court (Block 35, Lot 17) and 14 Roseld Court (Block 35, Lot 13). Plaintiff appealed to the Tax Court on the grounds that the subject properties were entitled to exemption from property taxation as parsonages pursuant to N.J.S.A. 54:4-3.6, notwithstanding the “two parsonage” restriction imposed by the statute. Although plaintiff initially contested valuation, it has withdrawn that count of its complaint.
The parties stipulated to the material facts and filed cross motions for summary judgment under R. 4:46-2, agreeing that there are no genuine issues as to any material fact challenged and that a determination can be made as a matter of law. As the parties stipulated that plaintiff meets the statutory criteria for exemption, the sole legal issue before the court is the scope of the parsonage limitation under N.J.S.A. 54:4-3.6.
*601 N.J.S.A. 54:4-8.6 provides an exemption from local property taxation for parsonages meeting the following requirements:
“... [T]he buildings, not exceeding two, actually occupied as a parsonage by the officiating clergyman of any religious corporation of this state, ... together with ... the land whereon any of the buildings hereinbefore mentioned are ereeted ...” (emphasis added).
Plaintiff submits that each religious organization is permitted to have up to two parsonages in a single taxing district; therefore, Deal can grant the exemptions for the subject properties irrespective of the exemptions granted by the neighboring municipality. Defendant contends that N.J.S.A. 54:4-3.6 restricts the parsonage exemption to two properties in this State. Since plaintiff has already been granted parsonage exemptions for its two residences located in Ocean Township, it is precluded by law from receiving an exemption for the subject properties.
Both parties rely upon Plainfield v. Goodwill Home & Missions, Inc., 4 N.J.Tax 537 (1982) in support of their positions. In that case the court held that a parsonage was not required to be located in the same taxing district as the church in order to qualify for an exemption since “[t]he exemption is granted as a quid pro quo for an essentially public service rendered to this State and its citizens, not to a particular municipality or to particular municipalities.” Id. at 540.
Plaintiff asserts that since the Deal synagogue serves a congregation comprised of residents of Ocean Township as well as Deal, exemptions should be given to all of its parsonages in the geographic area, regardless of the taxing district in which they are located because the benefit conferred by the synagogue transcends municipal boundaries. According to plaintiff, all of the leaders of a thriving, regional congregation should be treated equally and given exemptions for their residences, absent a specific bar in the statute. Plaintiff posits that the Legislature did not intend to preclude religious corporations from having more than two exempt parsonages; the only statutory limitation is two per municipality. As such, plaintiff submits the statute only precludes it from obtaining a third parsonage exemption in Ocean Township, not from obtaining exemptions for the two parsonages *602 in Deal. In advancing this argument Plaintiff implies the Legislature either inadvertently omitted the phrase “per municipality” after the words “not exceeding two” in the text of the statute or that the plain meaning of the statute would require such interpretation.
Defendant submits the legislative intent of N.J.S.A. 54:4-3.6 is to facilitate a religious corporation’s efforts to serve the citizens of New Jersey, some of whom reside outside of the taxing district in which the church or synagogue is located, as a quid pro quo for which it is given a tax exemption for some, but not necessarily all, of its parsonages. The express language of the statute indicates that a religious corporation may receive an exemption for parsonages, “not exceeding two,” occupied by its officiating clergymen. Defendant asserts it would be contrary to the existing text and purpose for this court to engage in “judicial legislation” and insert the phrase “per municipality” into the statute. Plainfield, supra 4 N.J.Tax at 540-541.
The well settled rule in this State is that the party claiming an exemption has the burden of establishing that it clearly qualifies for tax exempt status. A statute which grants an exemption, such as N.J.S.A. 54:4-3.6, must be strictly construed and “all doubts are resolved against those seeking the benefit of [the] ... exemption.” Chester Bor. v. World Challenge, 14 N.J.Tax 20, 27 (1994) (citing Teaneck Tp. v. Lutheran Bible Institute, 20 N.J. 86, 90, 118 A.2d 809 (1955)). Thus, the burden of proof is on plaintiff to establish that either the express language of the statute, or if words were inadvertently omitted, the implied language of the statute based upon legislative intent, enables a religious corporation to obtain up to two parsonage exemptions in each taxing district.
Neither law nor logic justifies expansion of the scope of N.J.S.A. 54:4-3.6 to permit more than two parsonage exemptions in New Jersey per religious corporation. In construing a statute, the court must first consider its plain language. Union City Associates v. Union City, 115 N.J. 17, 24, 556 A.2d 769 (1989) *603 (citing Kimmelman v. Henkels & McCoy, Inc. 108 N.J. 123, 128, 527 A.2d 1368 (1987)). “Where the words of a statute are clear and their meaning and application plain and unambiguous, there is no reason for judicial construction.” Cumberland Holding Corp. v. Vineland, 11 N.J.Tax 457, 462 (1991). “The function of the judiciary is to interpret, not to legislate. If the words of a statute plainly convey legislative intent, [the court] must give effect to the language employed by the legislative body.” Plainfield, supra, 4 N.J.Tax at 540 (citations omitted).
The language of N.J.S.A. 54:4-3.6 is clear and unambiguous. Qualifying parsonages, “not exceeding two”, shall be exempt from taxation. The statute does not contain the phrase two parsonages “per taxing district”, nor are there any indications of legislative intent supporting plaintiffs claim that such words were “inadvertently omitted” from the statute. On the other hand, even though the statute does not qualify the two parsonages as having to be “in this State”, the Legislature can only establish statutory exemptions for properties located in New Jersey. As such, the addition of this phrase would be superfluous. Defendant’s interpretation is consistent with common sense and statutory construction.
The Plainfield case does not modify, nor even address, the express statutory restriction of a total of two parsonage exemptions per religious corporation. Logic dictates that the limitation must follow the exemption; if the exemption can traverse the borders of a local taxing district, so too must any limitation on it. “The parsonage exemption is a derivative exemption.” Chester Borough v. World Challenge, Inc., 14 N.J.Tax 20, 27 (1994). “The Legislature was not required to enact this exemption for parsonages and chose to do so, only in this limited fashion.” Id. at 30. The Legislature presumably balanced the benefit rendered to the State and its citizens by religious corporations and the cost of the exemption borne by its municipalities and chose to allow an exemption from local property taxation for a maximum of two parsonages per qualifying entity. The interpretation advanced by plaintiff could lead to the absurd result of one religious corporation obtaining exemptions for as many as two parsonages in every *604 New Jersey municipality. Plaintiff’s position is specious and flies in the face of the plain meaning of N.J.S.A. 54:4-3.6, the Legislature’s intent, the balancing of benefit and burden, and the public policy dictating strict construction of exemption statutes.
Plaintiff has received two parsonage exemptions on its properties located in Ocean Township. Since N.J.S.A. 54:4-3.6 clearly limits religious corporations to a maximum of two parsonage exemptions in the State, plaintiff is statutorily precluded from receiving exemptions for the subject properties as a matter of law.
Accordingly, defendant’s motion for summary judgment is granted. The judgments entered by the Monmouth County Board of Taxation are affirmed. As valuation is no longer in issue, the Court will enter judgments accordingly.