PIZZUTO, J.T.C.
This case presents the issue of whether a Jewish congregation may claim a property tax exemption for a residence used by a cantor. The claim is made under N.J.S.A. 54:4-3.6, which allows an exemption (the “Parsonage Exemption”) for up to two buildings “actually occupied as a parsonage by the officiating clergymen of any religious corporation of this State.” The parties have made cross-motions for summary judgment on stipulated facts. Since there are no genuine issues of material fact, summary judgment as a matter of law pursuant to R. 4:46-2 is appropriate.
Plaintiff is a religious corporation of the State of New Jersey which owns two residential properties in Englewood. One of these properties is a parsonage for the synagogue’s rabbi, and is without dispute covered by the Parsonage Exemption. At issue here is 157 Van Nostrand Avenue (Block 2911, Lot 20), which is used as a residence for the synagogue’s cantor. The congregation brought this action to contest the determination of the Bergen County Board of Taxation denying exemption for the cantor’s residence as a parsonage for tax year 1999.
Plaintiff congregation maintains a synagogue in Englewood that is exempt from property tax. The congregation’s cantor, Velvel Konikov, resides at the subject property with his family. Konikov performs a variety of services for the congregation, including: directing of liturgical prayer; conducting various prayer services; assisting in the conduct of daily services; participating in weddings and funerals; and reading or chanting from sacred texts for holidays. He is the full-time permanent cantor of the Congregation of Ahavath Torah. The parties have stipulated that, while some lay members of certain congregations may have the knowledge to lead a service (in the role of cantor), in this congregation lay members are not permitted to perform a duty or responsibility *320 of the cantor without the cantor’s consent. While the parties agree that an officiating rabbi’s residence is exempt under the statute, they disagree about whether a cantor’s role is such that a residence set aside by the synagogue for the use of the cantor qualifies for the Parsonage Exemption.
N.J.S.A. 54:4-3.6, in pertinent part, provides an exemption for “the buildings, not exceeding two, actually occupied as a parsonage by the officiating clergymen of any religious corporation of this State, together with the accessory buildings located on the same premises.” The statute also provides, subject to certain limitations, an exemption for the associated land. The decisions interpreting the Parsonage Exemption undertake a factual inquiry to determine whether the individual in question serves a congregation in a way that is consistent with the concept of officiating clergy.
In determining whether a given person qualifies under the Parsonage Exemption, the cases look to the character and extent of activities within the religious organization. Friends of Ahi Ezer Congregation, Inc. v. Long Branch City, 16 N.J.Tax 591 (1997), Shrine of Our Lady of Fatima, 12 N.J. Tax 392 (1992). The decisions have examined a variety of factors to determine whether a particular individual is an officiant within the meaning of the Parsonage Exemption, and it is clear that it is not status or title, but the services performed that determine if the exemption will apply. The Appellate Division, in St. Matthew’s Lutheran Church for the Deaf v. Division of Tax Appeals, 18 N.J.Super. 552, 87 A.2d 732 (App.Div.1952), explained what the Parsonage Exemption requires:
Something.. .more or less permanent, both as to character of the pastor and nature of the persons served by him, must have been intended as the necessary qualifications. Consequently an “officiating clergyman” when textually associated with “parsonage” must be a settled or incumbent pastor or minister, that is, a pastor installed over a parish, church or congregation. [Citations omitted.] And when he is an “officiating clergyman of any religious corporation” he must be serving the needs of a reasonably localized and established congregation.
[19 N.J.Super. at 557-558, 89 A.2d 96.]
The St. Matthew’s court, in finding that the exemption applied, noted that the minister at issue in that case (an ordained minister *321 of the Lutheran Church) was assigned “indefinitely” to conduct religious worship, that he had an “established congregation. . .which [met] regularly and at a fixed place.” Id. at 558, 87 A.2d 732.
Later cases have followed the practice of examining the role of the person in question within the congregation to determine whether the Parsonage Exemption should apply. “If the duties sound like those performed by congregational leaders of all religious denominations, the clergyman is considered an officiating clergyman of the religious corporation.” City of Long Branch v. Ohel Yaacob Congregation, 20 N.J.Tax 511, 517 (2003) aff'd 21 N.J.Tax 268 (App.Div.2003), quoting Friends of Ahi Ezer Congregation, supra at 595. The particular activities of the individual for whom an exemption is sought was also the basis for the decision in Shrine of Our Lady of Fatima v. Mantua, supra, where the claim of a Parsonage Exemption for a deacon of the Latin Rite movement for his home was denied. The decision did not rest upon the individual’s status as a deacon rather than a priest or minister. The court found that the property did not qualify because it housed the deacon’s window-treatment business, as well as his family, and also because the deacon provided only occasional services to the congregation (Mass said in his home twice a month, visits to nursing homes every week or two). 12 N.J.Tax at 397-98.
New Jersey’s Parsonage Exemption also recognizes that more than one individual within a congregation may be considered officiating clergy under the statute, as evidenced by the 1962 amendment to N.J.S.A. 54:4-3.6, which increased the number of buildings that may be exempted under the statute to two. L. 1962, c. 154, § 1. The allowance of two exemptions certainly contemplates that two persons may each function, either simultaneously or at different times, as officiating clergy. See Goodwill Home and Missions, Inc. v. Garwood Bor., 281 N.J.Super. 596, 598 at n. 1, 658 A.2d 1330 (App.Div.1995), referring to a “second parsonage... occupied by an assistant pastor.” It may with equal reason be read to contemplate two separate roles within the concept of officiating clergy. No case in New Jersey has specifi *322 cally dealt with the issue of whether a cantor is an “officiating clergyman” for purposes of the statute. In Ohel Yaacob, supra, a parsonage exemption was denied for a residence used by both cantors and rabbis because it was occupied only by visiting clergy for a few months of the year, not on the status of the specific clergy. 20 N.J.Tax at 518-19. Federal courts, however, have recognized that Judaism assigns ministerial functions to both rabbis and cantors. Accordingly, they have held that a cantor qualifies under federal exemptions applicable to members of the clergy.
In Salkov v. Comm’ner of Internal Revenue, 46 T.C. 190, 1966 WL 1145 (1966), the narrow issue presented was whether the petitioner, a full-time cantor, was a “minister of the gospel” within the intendment of 26 U.S.C.A. § 107. Although the statute in issue dealt with the question of inclusion in the cantor’s personal income of monies received under a parsonage allowance, rather than the congregation’s property tax exemption, the discussion in Salkov is useful in this case. The court first examined the phrase “minister of the gospel” as used in the federal statute (26 U.S.C.A, § 107(2)), and determined that Congress did not intend to exclude persons of non-Christian religions. Id. The court looked to the Income Tax Regulations for a definition and found that “[t]he regulations do not attempt to say what a ‘minister’ is, but only what a ‘minister’ does.” Id. at 195. Section 1.1402(c)-5(b)(2) of the regulations lists three types of ministerial functions: “(1) [t]he ministration of sacerdotal functions, (2) the conduct of religious worship, and (3) the direction of organizations within the church.” Id. The court concluded that the cantor fulfilled all of these requirements and that “in the Jewish religion the cantor is recognized as a minister eo nomine.” 46 T.C. at 197.
Silverman v. Comm’ner of Internal Revenue, 57 T.C. 727, 1972 WL 2552 (1972), aff'd 73-2 USTC P 9546 (8th Cir.1973), analyzed the same section of the federal tax code, and likewise found that a cantor qualified for the exclusion from income of a parsonage allowance. Both opinions noted that, while there is no official ecclesiastical organization which ordains cantors, such ordination is not required under the federal statute. Salkov, 46 T.C. at 196- *323 197; Silverman, 57 T.C. at 730-732. The Eighth Circuit, in affirming the Tax Court’s Silverman decision, quoted with approval the Tax Court’s conclusion in Salkov: “[t]he fact that Judaism assigns this work to two classes of professionally trained and qualified men will not be used by this Court to deny the benefits of section 107 to one (the cantor) merely because other religions have merged such duties into a single group.” Id., quoting 46 T.C. at 196-197.
In this case, Konikov has a permanent position that includes, among other duties, the conduct of religious services at the congregation’s synagogue on a regular, even daily, basis. Given the cantor’s importance in the congregation’s worship services, his role at weddings and funerals, and his general level of intimate participation in congregational life, the exemption should not be denied on the basis of a categorical restriction of its availability, in the case of Jewish congregations, to rabbis. Instead, as with other members of the clergy, the character and extent of an individual’s activities within the congregation will determine if the Parsonage Exemption applies. In this case, the criteria established in St. Matthew’s and subsequent New Jersey cases are met, while the federal authorities support the interpretation of the exemption statute that permits both rabbis and cantors to qualify as officiating clergy. In the present circumstances, therefore, entitlement to exemption has been demonstrated.
For the reasons stated, judgment shall be entered in favor of plaintiff Congregation of Ahavath Torah allowing the Parsonage Exemption under N.J.S.A. 54:4-3.6 for the residence occupied by Cantor Konikov.